IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM GILL, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>LAKE COUNTY, )<br>LAKE COUNTY SHERIFF, and )<br>ARMOR CORRECTIONAL HEALTH )<br>SERVICES INC. )<br>)<br>Respondent. ) | No. |

## COMPLAINT AT LAW

HERE COMES the Plaintiff, ADAM GILL, by and through his attorneys, ALEKSY BELCHER, and for his Complaint at Law against Defendants, LAKE COUNTY, LAKE COUNTY SHERIFF, AND ARMOR CORRECTIONAL HEALTH SERVICES, INC., states as follows:

### Introduction

1. Adam Gill was permanently disabled in a Lake County correctional facility because the Defendants failed to provide the reasonable accommodation that the Defendants' own staff ordered. Plaintiff physical and cognitive functioning is now limited. These injuries are the result of the Defendants' failure to provide adequate medical care and their failure to place Plaintiff—who had a known history of seizure disorder—in a lower bunk.

2. This is a civil rights action brought to redress Plaintiff's federally protected rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. §794 et seq., and the Civil Rights Act, 42 U.S.C. § 1983.

### Jurisdiction and Venue

1

3. This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 1343(a), and the Constitution of the United States; it also has supplemental jurisdiction as provided by 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district. Defendants Lake County and Lake County Sheriff reside in this judicial district. Defendant Armor Correctional Health Services, Inc. is a Florida corporation that regularly engages in business in this judicial district. Further, the events giving rise to the claims asserted herein occurred within the district.

## The Parties

5. Plaintiff was an inmate in the Lake County correctional facilities. He had served time in both Lake County Adult Corrections Facility and in the inmate work release center.

6. Defendant Lake County is a municipal corporation duly incorporated under the laws of the State of Illinois. The County runs the Lake County correctional facilities, including the Lake County Adult Correctional Facility and the inmate work release center. Lake County must obtain and provide reasonably necessary health services for detainees in the correctional facilities.

7. Defendant Lake County Sheriff is a Department of the Lake County government. Lake County Sheriff manages, operates and maintains the Lake County correctional facilities, including the Lake County Adult Correctional Facility and the inmate work release center (Community Based Correction Center). Lake County Sheriff must obtain and provide reasonably necessary health services for detainees in the Lake County correctional facilities.

8. Defendant Armor Correctional Health Services, Inc. contracted with Lake County to provide for the delivery of reasonably necessary health care commensurate with National

Commission on Correctional Healthcare (NCCHC) standards, Prison Rape Elimination Act (PREA) and American Correctional Association (ACA) standards including medical, dental, mental health and claims management services to adult inmates. The contract was in effect on February 8, 2018.

## Background

9. On June 13, 2017, Plaintiff was booked into the Lake County correctional facility.

10. As part of the intake process, Plaintiff was screened by several Lake County, Lake County Sheriff and Armor Correctional Health Services employees and/or agents.

11. Lake County, Lake County Sheriff and Armor Correctional Health Services employees and/or agents documented Plaintiff's medical conditions, created medical records, and shared such medical records within the correctional facility/staff so as to provide Plaintiff with reasonably necessary health services.

12. On June 13, 2017, Lake County, Lake County Sheriff and Armor Correctional Health Services nurse Taryn Weiler identified Plaintiff as having epilepsy and seizures. Weiler's note stated as follows: "Yes – Active (details) (epilepsy, last seizure 6/12/17)."

13. On June 13, 2017, Weiler noted that Plaintiff was currently receiving medication for seizures.

14. On June 13, 2017, Weiler wrote that Plaintiff required special needs/housing consideration: "Low Bunk (sz disorder)."

15. After the intake process, Plaintiff continued to receive medical care and screenings from Lake County, Lake County Sheriff and Armor Correctional Health Services employees and/or agents.

16. On June 29, 2017, Lake County, Lake County Sheriff and Armor Correctional Health Services employee and/or agent Miteshkumar Modi noted that Plaintiff had a history of epilepsy.

17. On August 14, 2017, Lake County, Lake County Sheriff and Armor Correctional Health Services employee and/or agent noted that Plaintiff had a neurological condition: Seizure/Epilepsy.

18. On September 7, 2017, Plaintiff advised Lake County, Lake County Sheriff and Armor Correctional Health Services employee and/or agent Alvaro Encinas that he had migraine and "hot flashes" feelings in his head.

19. On November 8, 2017, Plaintiff reported to Lake County, Lake County Sheriff and Armor Correctional Health Services employee and/or agent Alla Chukhray that his seizures are exacerbated by stress. Several seizure-related medications were prescribed.

20. On January 20, 2018, Plaintiff reported to Alla Chukhray that he had a history of seizures and epilepsy.

21. On or around February 6, 2018, Plaintiff was transferred from the Lake County Adult Correctional Facility and the inmate work release center. He was still detained by and under the control of Lake County and Lake County Sheriff.

22. On or around February 6, 2018, Plaintiff authorized Lake County Sheriff's Community Based Correction Center to release any and all pertinent information to treatment facilities, medical facilities (including hospitals and medical offices), social service agencies, and educational programs/curriculum.

23. On or around February 6, 2018, Plaintiff was assigned to a top bunk, despite his verbal requests and the medical orders of the Lake County, Lake County Sheriff and Armor Correctional Health Services.

24. On or around February 6, 2018, Plaintiff was not given his seizure/epilepsy medication by the Lake County, Lake County Sheriff and Armor Correctional Health Services staff.

25. On or around February 6, 2018, Lake County, Lake County Sheriff and Armor Correctional Health Services staff was aware that Plaintiff was not taking his seizure medication.

26. On the night/early morning of February 7-8, 2018, Plaintiff suffered from a seizure while sleeping on the top bunk. He fell to the ground and suffered serious physical injury, resulting in physical, cognitive, and emotional pain, suffering and limitations.

27. On the night/early morning of February 7-8, 2018, Lake County Sheriff Sgt. S. Wilson reported, "4T Gill, Adam L162791 5A medical emergency – seizure fell from top bunk – take to vista east hospital via Waukegan rescue report #18-01428 – copy to CBCC director and Jail admin."

28. On the night/early morning of February 7-8, 2018, Lake County and Lake County Sheriff staff wrote a report stating, "On 2/8/18 at approximately 0125 while relieving 4T from break, I Officer Verner heard a loud bang coming from the sleeping area and residents calling for help. Resident Gill, Adam #162791 had fallen from top bunk 5A and was having a seizure."

29. Lake County, Lake County Sheriff and Armor Correctional Health Services staff responded to the scene of Plaintiff's fall, particularly Officer Varner, nurse Jennifer Lee and nurse Markus Reliford.

30. On February 9, 2018, Officer Varner wrote that "On February 9 (sic), 201(sic) at 0130 hours resident Gill, Adam L 162791 had a seizure and fell off of the top bunk and on to the floor in Tower 4 bed 5A. Armor Nurse Jennifer Lee and Markus Reliford responded. Gill was unresponsive and had blood in his right ear. Waukegan Rescue was called and Gill was transported to Vista East Hospital."

31. Several inmates were interviewed in relation to Plaintiff's fall in the days following the incident.

32. Inmate Arrez Sion stated Plaintiff was vocal about his epilepsy before the fall.

33. Inmate Sergio Conejo-Valerio stated Plaintiff mentioned needing to be on a bottom bunk before the fall.

34. Inmate Joshua Troche stated he saw Plaintiff almost fall out of his top bunk the day before the fall. Troche also saw Plaintiff fall from the top bunk on February 8, 2018 while having a seizure.

35. Inmate Correy Moore recalled Plaintiff stating he should not be on the top bunk and recalled seeing Plaintiff almost fall from the top bunk a day or two before Plaintiff's fall.

36. Inmate Dartanion Smith stated he believes Plaintiff told the prison staff that he was prone to seizures and should not be on the top bunk prior to the fall.

37. Inmate Timothy Knieling stated he heard Plaintiff complain of a "migraine headache" the night of the fall.

38. Inmate David Valent stated he saw Plaintiff holding his head in his hands earlier in the day before the fall.

39. Inmate Raymond Steward stated Plaintiff should not have been placed on a top bunk due to prior seizures.

6

40. Inmate James Fassbinder stated Plaintiff had complained of a migraine headache the night of the fall. Plaintiff told Fassbinder that he was supposed to be on medications for seizures and asked how to get re-assigned to a bottom bunk.

41. Inmate Stevenson Borrero overheard Plaintiff expressing concern about his bunk assignment on the day of the fall.

42. Inmate Nicholas Poindexter stated Plaintiff had been nervous about being on a top bunk. Poindexter told Plaintiff to request a lower bunk.

43. Inmate Francisco Nunez stated that he overhead Plaintiff complaining of a migraine the night of the fall.

44. On March 30, 2018, Lake County and Lake County Sheriff employee/agent D. Hollingsworth #1348 wrote to Chief Wathen that, on February 6, 2018, Plaintiff had stated to prison staff that he was "on meds for seizures and 3 other meds." Plaintiff had advised that he had not received and/or taken medications for seizures since arriving at the work release center. Hollingsworth wrote that on the morning of February 7, 2018, Plaintiff asked if he could move from a top bunk to a bottom bunk, as he "didn't get much sleep 'last night' due to thinking he was going to fall."

45. Plaintiff was not re-assigned to a bottom bunk.

### Negligence and/or Deliberate Indifference of the Defendants

46. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware of Plaintiff's seizure disorder before the fall.

47. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware of Plaintiff's need for seizure medication before the fall.

7

48. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware of Plaintiff's need for a bottom bunk before the fall.

49. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware that Plaintiff was not taking his seizure medication the day and night of the fall.

50. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware that Plaintiff was assigned to a top bunk the day and night of the fall.

51. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. were aware that Plaintiff had requested accommodations, particularly that he be reassigned to a bottom bunk.

52. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. are aware of the need to provide necessary accommodations in housing assignments and placements of detainees with disabilities.

53. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. conduct medical screenings and evaluations of all detainees as they come into the corrections department. In the course of conducting those evaluations, its physicians often identify needed accommodations for individuals with disabilities who are entering the correctional facilities.

54. Defendants Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc. have failed to establish adequate procedures for the medical staff to communicate needed accommodations for detainees with disabilities to the correctional staff.

55. Even where the Defendants' medical staff does determine the need for urgent accommodation requests (such as lower bunk orders), Defendants have failed to establish

necessary training and procedures to insure that accommodations requests are not only received but also implemented.

57. Also, even where the Defendants' medical staff determines detainees, such as Plaintiff, need immediate medication for serious health problems/disabilities (such as a seizure disorder), Defendants have failed to implement the necessary training and procedures to insure that this medication is actually immediately given to the detainee, and that there is proper documentation reflecting the administration of such medication.

57. As a direct result of these deficiencies, Defendants routinely fail to implement necessary accommodations relating to the bunk placements of detainees with disabilities.

58. All Defendants are responsible for ensuring that lower bunk orders, such as the one prescribed to Plaintiff, be promptly communicated between medical staff and correctional facilities.

## COUNT I: VIOLATION OF THE REHABILITATION ACT
**(against Defendants Lake County and Lake County Sheriff)**

59. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

60. Section 504 provides that "[]no otherwise qualified individual with a disability in the United States …shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794.

61. Section 504 requires covered entities to provide reasonable accommodations to enable qualified individuals with disabilities to participate in the program or activity.

9

62. Defendants Lake County and Lake County Sheriff are subject to the Rehabilitation Act as entities of local government that receive federal financial assistance. 29 U.S.C. §794(b); C.F.R. § 27.1.

63. Plaintiff is a qualified individual with a disability pursuant to Section 504 because he is substantially limited in neurological function and other major life activities when seizures occur.

64. By failing to provide Plaintiff with the reasonable accommodation of a lower bunk assignment, as requested by the medical staff, Defendants Lake County and Lake County Sheriff discriminated against Plaintiff in violation of Section 504.

65. Defendants' conduct was intentional and deliberately indifferent to Plaintiff's federally protected rights.

66. As a result of Defendants' unlawful actions, Plaintiff suffered injuries, including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress.

**COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

**(against Defendants Lake County and Lake County Sheriff)**

67. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

68. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

69. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

70. Plaintiff is a qualified individual with a disability pursuant to the Americans with Disabilities Act because he is substantially limited in neurological function and other major life activities when seizures occur.

71. By failing to provide Plaintiff with the reasonable accommodation of a lower bunk assignment, as requested by Defendant's medical staff, Defendants Lake County Lake County Sheriff discriminated against Plaintiff in violation of the Americans with Disabilities Act.

72. Defendants' conduct was intentional and deliberately indifferent to Plaintiff's federally protected rights.

73. As a result of Defendants' unlawful actions, Plaintiff suffered injuries including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress

### COUNT III: CONSTITUTIONAL VIOLATION – DUE PROCESS
### (against Defendants Lake County and Lake County Sheriff)

74. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

75. At the time of the events, Plaintiff had a serious medical need that was known to Defendants.

76. Defendants were aware of the serious risk of harm presented and were deliberately indifferent to that risk.

11

77. The misconduct described in this Count was undertaken pursuant to the policy and practice of Lake County and Lake County Sheriff in that:

   a. Defendants manifest deliberate indifference by maintaining policies and practices that fail to adequately obtain appropriate bunk placements of Lake County detainees with disabilities, thereby encouraging and causing the very type of misconduct at issue here, and Lake County is further deliberately indifferent to the serious health needs of those detainees needing serious and immediate medication by maintaining policies and practices that fail to adequately insure that detainees receive timely and appropriate medication, and that the administration of such medication is properly documented;

   b. Defendants maintains policies and practices that allow and cause medical personnel to disregard the serious needs of people with disabilities by failing to take necessary measures to ensure that correctional staff receive the necessary medical information, or requests for accommodations, for detainees with disabilities to make appropriate bunk assignments;

   c. Defendants maintains policies and practices that allow and cause correctional staff to disregard the serious needs of people with disabilities by failing to take necessary measures to ensure that correctional staff receive and implement the necessary requests for accommodations relating to bunk assignments for detainees with disabilities;

   d. Defendants knowingly maintain policies and practices that allow detainees with disabilities to be given bunk assignments without consideration of their need for accommodations;

   e. Defendants' policymakers are aware of, condone, and facilitate by their inaction, the policies and practices that caused the misconduct at issue in this case.

78. The above described conduct was intentional, and Defendants acted with malice and deliberate indifference to Plaintiff's federally protected rights.

79. As a result of Defendants' unlawful actions, Plaintiff suffered injuries including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress.

## COUNT IV: NEGLIGENCE – SUPPLEMENTAL STATE LAW CLAIM
### (against Lake County)

80. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

81. Defendant Lake County owed Plaintiff a duty of care.

82. Defendant Lake County and/or its agents breached that duty of care by negligently failing to provide the lower bunk assignment that Plaintiff required.

83. Defendant Lake County, and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

84. Defendant Lake County, and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

85. Defendant Lake County, and/or its agents, breached that duty of care by negligently failing accommodate Plaintiff's request for a lower bunk.

86. Defendant Lake County, and/or its agents, breached that duty of care by negligently failing to provide Plaintiff with seizure medication.

87. Defendant Lake County is negligent in not ensuring policies and procedures are in place for ensuring that detainees such as Plaintiff receive immediate and urgent medication, and the proper type of medication.

88. The Defendants' agents committed these acts or omissions in the course and within the scope of their employment. Therefore, all of their individual acts and omissions are directly chargeable to Defendants pursuant to the doctrine of respondeat superior.

89. As a result of Defendant's actions, Plaintiff suffered injuries, described more fully above.

### COUNT V: NEGLIGENCE – SUPPLEMENTAL STATE LAW CLAIM
### (against Lake County Sheriff)

90. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

91. Defendant Lake County Sheriff owed Plaintiff a duty of care.

92. Defendant Lake County Sheriff and/or its agents breached that duty of care by negligently failing to provide the lower bunk assignment that Plaintiff required.

93. Defendant Lake County Sheriff, and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

94. Defendant Lake County Sheriff, and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

95. Defendant Lake County Sheriff, and/or its agents, breached that duty of care by negligently failing accommodate Plaintiff's request for a lower bunk.

96. Defendant Lake County Sheriff, and/or its agents, breached that duty of care by negligently failing to provide Plaintiff with seizure medication.

97. Defendant Lake County Sheriff is negligent in not ensuring policies and procedures are in place for ensuring that detainees such as Plaintiff receive immediate and urgent medication, and the proper type of medication.

98. The Defendants' agents committed these acts or omissions in the course and within the scope of their employment. Therefore, all of their individual acts and omissions are directly chargeable to Defendants pursuant to the doctrine of respondeat superior.

99. As a result of Defendant's actions, Plaintiff suffered injuries, described more fully above.

### COUNT VI: NEGLIGENCE – SUPPLEMENTAL STATE LAW CLAIM
### (against Armor Correctional Health Services, Inc.)

100. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

101. Defendant Armor Correctional Health Services, Inc. owed Plaintiff a duty of care.

102. Defendant Armor Correctional Health Services, Inc. and/or its agents breached that duty of care by negligently failing to provide the lower bunk assignment that Plaintiff required.

103. Defendant Armor Correctional Health Services, Inc., and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

104. Defendant Armor Correctional Health Services, Inc., and/or its agents, breached that duty of care by negligently failing to properly monitor and observe the Plaintiff in light of his known medical condition.

105. Defendant Armor Correctional Health Services, Inc., and/or its agents, breached that duty of care by negligently failing accommodate Plaintiff's request for a lower bunk.

106. Defendant Armor Correctional Health Services, Inc., and/or its agents, breached that duty of care by negligently failing to provide Plaintiff with seizure medication.

107. Defendant Armor Correctional Health Services, Inc. is negligent in not ensuring policies and procedures are in place for ensuring that detainees such as Plaintiff receive immediate and urgent medication, and the proper type of medication.

108. Defendant Armor Correctional Health Services, Inc. is negligent in not ensuring medical information, including a detainee's urgent medical needs (like seizure medication and/or lower bunk accommodations), is shared with appropriate medical and/or correctional staff, upon a detainee's transfer between correctional facilities.

109. The Defendants' agents committed these acts or omissions in the course and within the scope of their employment. Therefore, all of their individual acts and omissions are directly chargeable to Defendants pursuant to the doctrine of respondeat superior.

110. As a result of Defendant's actions, Plaintiff suffered injuries, described more fully above.

### COUNT VII: WILLFUL & WANTON – SUPPLEMENTAL STATE LAW CLAIM
**(against Lake County, Lake County Sheriff and Armor Correctional Health Services, Inc.)**

111. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

112. The Plaintiff reiterates the allegations in Counts IV, V, and VI, but also adds in this count that the actions of the Defendants were willful and wanton.

113. Defendants' agents committed these willful and wanton acts in the course and within the scope of their employment. Therefore, all of their individual willful and wanton actions are directly chargeable to Defendants pursuant to the doctrine of respondeat superior.

114. As a result of Defendants' actions, Plaintiff suffered injuries, described above.

### Damages

115. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendants, the Plaintiff sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, in excess of $75,000, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just. These equitable demands include, but are not limited to (a) implementing training and policies to insure that lower bunk orders are entered immediately, with no delay; (b) implement training and policies to insure that detainees receive timely and proper medication and that such administration of medication is properly documented, and (c) that emergency contacts are promptly notified when the detainee has been seriously injured.

PLAINTIFF DEMANDS TRIAL BY JURY             DATED: November 30, 2018

                                Respectfully submitted,
                                /s/ Bryant M. Greening
                                One of the Attorneys for Plaintiff

Bryant M. Greening
ALEKSY BELCHER
350 N. LaSalle Dr., Ste. 750
Chicago, IL 60654
T: 312-670-9000
F: 312-670-9115
ARDC No. 6306065
b.greening@aleksybelcher.com